| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK | HEARING DATE: April 1, 2015<br>HEARING TIME: 10:00 am |

------------------------------------------------------------x
: Case No. 14-12915 (SHL)
In re :
:
OSONDU IBOM, : (Chapter 11)
:
                      Debtor. : <u>NOTICE OF MOTION</u>
:
------------------------------------------------------------x

      PLEASE TAKE NOTICE that upon this Notice of Motion and the accompanying memorandum of law, William K. Harrington, the United States Trustee for Region 2 (the "United States Trustee"), will move this Court before the Honorable Sean H. Lane, Bankruptcy Judge, in the United States Bankruptcy Court, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004 on April 1, 2015 at 10:00 a.m, or as soon thereafter as counsel can be heard, for an order converting or dismissing this Chapter 11 case, and for such other and further relief as this Court may deem just and proper.  The original application is on file with the Clerk of the Bankruptcy Court.

      PLEASE TAKE FURTHER NOTICE that any responsive papers should be filed with the Court and personally served on the United States Trustee, at 201 Varick Street, Room 1006, New York, New York 10014, to the attention of Paul K. Schwartzberg, Esq., no later than three (3) days prior to the return date set forth above.  Such papers shall conform to the Federal Rules

of Civil Procedure and identify the party on whose behalf the papers are submitted, the nature of the response, and the basis for such response.

Dated: New York, New York
February 18, 2015

        WILLIAM K. HARRINGTON
        UNITED STATES TRUSTEE

By:   /s/ *Paul K. Schwartzberg*
     Paul K. Schwartzberg
     Trial Attorney
     201 Varick Street
     Room 1006
     New York, New York 10014
     Tel. No. (212) 510-0500
     Fax. No. (212) 668-2255

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT | HEARING DATE: April 1, 2015 |
| SOUTHERN DISTRICT OF NEW YORK | HEARING TIME: 10:00 am |

-----------------------------------------------------------x
:   Case No. 14-12915 (SHL)
In re                                                    :
                                                         :
OSONDU IBOM,                              :   (Chapter 11)
                                                         :
                Debtor.           :
                                                         :
-----------------------------------------------------------x

## MEMORANDUM OF LAW OF THE UNITED STATES TRUSTEE IN SUPPORT OF MOTION TO CONVERT OR TO DISMISS THIS CHAPTER 11 CASE

TO THE HONORABLE SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE:

      William K. Harrington, the United States Trustee for Region 2 (the "United States Trustee"), does hereby make this motion (the "Motion") pursuant to 11 U.S.C. § 1112(b) for an order converting or dismissing this Chapter 11 case. In support thereof, the United States Trustee represents and alleges as follows:

### Introduction

      According to the Debtor's operating reports, the Debtor admits that he is not current with the payment of his post-petition obligations. The reports demonstrate that the Debtor has failed to pay $51,996 in post-petition mortgage payments. The reports also demonstrate that the Debtor is not generating a profit. The Debtor, therefore, is suffering substantial and continuing losses and does not appear to be able to reorganize. Finally, the Debtor has also failed to pay United States Trustee quarterly fees. Accordingly, the United States Trustee respectfully requests that the Court convert or dismiss this case.

**Facts**

### General Background

1. The Debtor commenced this case by filing a voluntary petition (the "Petition") on October 17, 2014. ECF No. 1.

2. The Debtor, an individual, is the owner of 4 parcels of real property, a used car business and a property management business. See Affidavit of Osondu Ibon at ¶ 4, ECF No. 9.

3. The Debtor has continued in possession of his assets.

4. Because of the lack of creditor interest, the United States Trustee has been unable to form a committee of unsecured creditors in this case.

### Operating Reports

5. To date the Debtor has filed 2 operating reports. Although the operating reports are incomplete in certain sections and therefore difficult to review, they demonstrate that the Debtor is operating at a loss and has failed to make post-petition mortgage payments.

6. The first operating report, for the period of October 17, 2014 through November 30, 2014 (the "First Report"), states that amounts due to post-petition creditors (including real estate taxes) are delinquent. See First Report at Debtor Questionnaire Nos. 9 & 12, ECF No. 22. According to the First Report, the Debtor is delinquent in the payment of $12,999 of post-petition mortgage payments. See First Report at Summary of Unpaid Post-Petition Debtors. In addition, without taking into account the Debtor's failure to make post-petition mortgage payments, the First Report also states that the Debtor's cumulative net profit for the period is $0. Id. at Statement of Operations (Total Income & Expenses).

7.      The second operating report filed by the Debtor, for the period of December 1, 2014 through December 31, 2014 (the "Second Report"), also states that amounts due to post-petition creditors (including real estate taxes) are delinquent. See Second Report at Debtor Questionnaire Nos. 9 & 12, ECF No. 26. According to the Second Report, the Debtor is delinquent in the payment of a total of $51,996 in post-petition mortgage payments. See Second Report at Summary of Unpaid Post-Petition Debtors. In addition, the Second Report demonstrates that Debtor's used car business and property management businesses earn no income. See Second Report at Statement of Operations (OSO Properties, Inc., and C&C Auto Inc.). Finally, the Second Report shows that the Debtor has $0 cash on hand. Id. at Balance Sheet.

### The Debtor Has Not Paid US Trustee Fees

8.      Finally, the Debtor has failed to pay his United States Trustee quarterly fee of $325 for the fourth quarter of 2014 due pursuant to 28 U.S.C. §1930 and 31 U.S.C. § 3717. See Declaration of Paul Schwartzberg (the "Declaration") attached hereto as Exhibit A.

## **Argument**

### **Cause Exists to Convert or Dismiss this Case**

Section 1112(b) of the Bankruptcy Code describes a variety of factors which may constitute "cause" for the conversion of a Chapter 11 case to a Chapter 7 case or dismissal of a case. See 11 U.S.C. § 1112(b). Under this provision, the court may find cause in the following circumstance:

>   (A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;

>   (K) failure to pay any fees or charges required under chapter 123 of title 28.

3

See 11 U.S.C. § 1112(b)(4)(A).

Section 1112(b) requires a court to convert or dismiss a case if the movant establishes "cause." 11 U.S.C. § 1112(b)(1). As set forth above, the United States Trustee has demonstrated cause under § 1112(b)(4)(A) & (K).

### **The Debtor Has Substantial and Continuing Losses**

As noted in paragraphs 5 through 7 herein, the Debtor's operating reports demonstrate that the Debtor is operating at a loss. See First Report and Second Report. In fact, the Debtor admits that he is not paying his post-petition mortgage obligations. Id. In addition, the Debtor's businesses that do not involve real property do no appear to be generating significant income, if any. Id. Finally, the Debtor has $0 cash on hand. Id. Accordingly, the Debtor is not only suffering substantial and continuing losses, but does not have any income or funds to confirm a plan of reorganization. Therefore, because the Debtor's losses and the fact that he cannot confirm a plan, cause exists for the conversion or dismissal of this case. See 11 U.S.C. § 1112(b)(4)(A)(substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation); see also Sullivan Cent. Plaza I, Ltd., v. BancBoston Real Estate Capital Corp. (In re Sullivan Cent. Plaza I, Ltd.), 935 F.2d 723, 728 (5th Cir. 1991)(cause for conversion found where principal asset removed from estate through foreclosure sale after relief from stay granted).

### **The Debtor Has Not Paid US Trustee Fees**

Finally, the Debtor has failed to pay his United States Trustee quarterly fee for the fourth quarter of 2014 due pursuant to 28 U.S.C. §1930 and 31 U.S.C. § 3717. See Declaration. This constitutes cause for conversion of this case to Chapter 7 or the dismissal of the case. See 11 U.S.C. § 1112(b)(4)(K)(failure to pay any fees or charges required under chapter 123 of title 28), see also In

re Tornheim, 181 B.R. 181 B.R. 161, 164 (Bankr. S.D.N.Y. 1995) (failure to pay quarterly fees, without more, provides cause to dismiss or convert case).

  WHEREFORE, the United States Trustee respectfully requests that the Court enter an order converting or dismissing this Chapter 11 case, and granting such other and further relief as may be deemed just and proper.

Dated: New York, New York
    February 18, 2015

            Respectfully submitted,

            WILLIAM K. HARRINGTON
            UNITED STATES TRUSTEE

      By: /s/ *Paul K. Schwartzberg*
         Paul K. Schwartzberg
         Trial Attorney
         201 Varick Street
         Room 1006
         New York, New York 10014
         Tel. No. (212) 510-0500