UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

In Re:

OSONDU IBOM,                                                                Docket No.:
                                                                                            14-12915 (SHL)

Debtor.
                                                                                            **<u>ORDER TO SHOW CAUSE</u>**

------------------------------------------------------------x

      PLEASE TAKE NOTICE that upon the annexed declaration of JAMES C. MANTIA and the annexed affidavit of BRYAN SANDERS dated this 25th day of March 2015 and the exhibits annexed thereto, the creditor BAM 213 FUNDING LLC (hereafter "BAM") makes the with application pursuant to Federal Rules of Bankruptcy Procedure Rule 7065 and Local Rule 9077-1, enjoining the Debtor and any entity in which Debtor is a principal and/or member;

      LET the Debtors OSONDU IBOM (hereafter "IBOM") and OSO PROPERTIES INC. (hereafter "OSO") or their attorneys show cause before this Court at the courthouse thereof, located at One Bowling Green, New York, New York, before the Honorable SEAN H. LANE, Room 701 on the _____ day of March 2015 at 9:30 o'clock in the forenoon of that day or as soon thereafter as counsel can be heard, why this Court should not grant an Order:

      a) Holding that Debtor OSONDU IBOM is violation of 11 U.S.C. 362 and 11 U.S.C. 549 by transferring, without the approval from the court, the fee ownership of 852 East 213 Street, Bronx, New York (hereafter "building") to Debtor OSO in order to fraudulently avoid the foreclosure sale of the building by Creditor BAM and issuing appropriate sanctions against the Debtors and awarding costs and attorneys' fees to Creditor BAM;

1

    b) Consolidating this Chapter 11 proceeding (hereafter "action 1") with the Chapter 11 proceeding commenced by Debtor OSO under 15-10673-mew (hereafter "action 2") for joint administration pursuant to Federal Rules of Bankruptcy Proceeding Rule 1015 due to the fact that Debtor IBOM is its alter ego;

    c) Enjoining Debtor from renting illegal apartments or vacant apartments for prepaid rents and converting these funds in order to defraud the estate;

    d) Holding Debtor IBOM in contempt for violation of the order dated February 10, 2015 by not providing an accounting of rents and/or cash collateral received for the property and turning over any cash collateral received to BAM;

**IT IS HEREBY ORDERED:**

That OSO and IBOM are enjoined from transferring the building, collecting rents for the building, renting apartments in the building or changing locks to apartments in the building pending hearing and determination of the within application; BAM certifies that the within application complies with Local Rule 9077-1;

**IT IS FURTHER ORDERED:**

That sufficient cause appearing for this application, service of a copy of this Order and the papers upon which it was granted, upon the Debtors, all appearing creditors in action 1 and action 2, and The Office of the United States trustee by personal delivery, overnight mail or certified mail; on or before the _____ day of March 2015 shall be deemed sufficient service thereof.

    ENTER:

_____
Hon. SEAN H. LANE

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

In Re:

OSONDU IBOM,                                                    Docket No.:
                                                                14-12915 (SHL)

                                Debtor.

                                                                **DECLARATION IN SUPPORT**

------------------------------------------------------------x

JAMES C. MANTIA being duly sworn, hereby declares and affirms the following to be true under the penalties of perjury:

1.   I am an attorney duly admitted to the practice of law in the State of New York and duly admitted to the United States District Court, Southern District of New York. I am counsel for the Creditor, BAM 213 FUNDING LLC, (hereafter "BAM") in this proceeding and am fully familiar with the facts and circumstances herein.

2.   This Declaration is submitted in support of the BAM's motion seeking to hold Debtor in violation of 11 U.S.C. 362 and 11 U.S.C. 549 by transferring the property at 852 East 213th Street without permission of the court, issuing sanctions against the Debtor, awarding BAM its costs and fees, consolidation of action 1 and action 2 for joint administration, enjoining the Debtors from transferring the property, renting illegal apartments and vacant apartments for prepaid rent/cash collateral which Debtor has deprived from the estate, holding Debtor IBOM in contempt of the February 10, 2015 order by failing to provide an accounting of cash collateral received and turning over to BAM the cash collateral received by the Debtor. For the reasons set for herein, the BAM's motion should be granted in its entirety.

3.   This proceeding was commenced by the Debtor under Chapter 11 for the purposes of reorganizing his financial affairs. A copy of the Debtor's petition is annexed hereto as Exhibit "A".

4.   The Debtor is the fee owner and the Debtor in possession of certain real

3

property of the estate including but not limited to 852 East 213st Street, Bronx, New York (hereafter "852"). See Schedule A of Exhibit "A".

5. BAM is the current holder of the mortgage and note for 852 which was assigned to BAM from its predecessor in interest WATERFALL VICTORIA MASTER FUND, LTD.

6. Prior to commencement of this Chapter 11 proceeding, the Debtor and BAM were involved in a foreclosure action involving the premises entitled <u>BAM 213 FUNDING LLC v. OSONDU IBOM</u>, located in the Supreme Court of the State of New York, County of The Bronx under index number 381230/11(hereafter "Foreclosure Action")

7. In the context of the foreclosure action, an amended Judgment of Foreclosure and Sale have been entered in favor of BAM and against the Debtor on or about July 24, 2013. A copy of the judgment of foreclosure and sale is annexed hereto as Exhibit "B".

8. Subsequent to the entry of the judgment (Exhibit "B"), BAM and Debtor entered into a certain forbearance agreed with respect to the mortgage and note for 852 so as to avoid the sale of 852 in the context of the foreclosure action. A copy of the forbearance agreement is annexed hereto as Exhibit "C".

9. The Debtor defaulted on the forbearance agreement and BAM notice and schedule a foreclosure sale of the building.

10. On the eve of the sale, the Debtor filed the within petition under Chapter 11 seeking to reorganize thus staying the sale of the property. See Exhibit "A"

11. After several appearances, BAM made an application to the court to vacate the automatic stay and directing the Debtor to turn over the cash collateral for the building.

12. After a hearing was conducted the court entered an order dated February 11, 2015 which granted BAM's motion ordering that the automatic stay was vacated as to BAM and the foreclosure action and further ordering the Debtor to account for any cash collateral

4

received for the property post-petition and to turn any cash collateral being held by the Debtor. A copy of the order is annexed hereto as Exhibit "D",

13.    As stated in the annexed affidavit, the Debtor has failed to comply in accounting for the post-petition collateral received and turning over any post-petition rents/cash collateral in the possession of the Debtor.

14.    BAM made a demand for compliance by way of email to Debtor's counsel on March 10, 2015. A copy of the email is annexed as Exhibit "E"

15.    Thereafter no cash collateral was received and as stated in annexed affidavit, the Debtor is now renting illegal apartments and vacant apartments, collecting significant prepaid rents and depriving these funds from BAM.

16.    Further, BAM in light of vacating the automatic stay rescheduled its foreclosure auction for the building and noticed the auction for March 23, 2015. See Notice of Sale annexed hereto as Exhibit "F"

17.    Days before the auction Debtor IBOM transferred the fee ownership of the building to IBOM's management company, Debtor OSO which IBOM concedes that he is the sole principal of in the petition in this proceeding. See Exhibit "A". A copy of the deed is annexed hereto as Exhibit "G"

18.    Then OSO filed a separate chapter 11 proceeding to trigger the automatic stay solely for the purpose of stopping the sale of the property and to defraud their creditors. A copy of OSO's chapter 11 petition is annexed hereto as Exhibit "H"

19.    BAM certifies that no prior application has been made for the foregoing relief and that an application for emergency injunctive relief is appropriate under Local Rule 9077

5

## IN SUPPORT OF HOLDING DEBTOR IBOM IN VIOLATION OF 11 U.S.C. 362 AND 11 U.S.C. 549 FOR TRANSFERING THE BUILDING TO DEBTOR OSO

20. Debtor IBOM transferred the ownership of the property to Debtor OSO without seeking leave of the court for relief from the automatic stay pursuant to 11 U.S.C. 362.

21. The Debtor IBOM was prohibited from transferring the building post-petition as it at the moment is property of the estate.

22. 11 U.S.C. 549 states:

> (a) Except as provided in subsection (b) or (c) of this section, the trustee may avoid a transfer of property of the estate--
> (1) that occurs after the commencement of the case; and
> (2)(A) that is authorized only under section 303(f) or 542(c) of this title; or
> (B) that is not authorized under this title or by the court.
> (b) In an involuntary case, the trustee may not avoid under subsection (a) of this section a transfer made after the commencement of such case but before the order for relief to the extent any value, including services, but not including satisfaction or securing of a debt that arose before the commencement of the case, is given after the commencement of the case in exchange for such transfer, notwithstanding any notice or knowledge of the case that the transferee has.
> (c) The trustee may not avoid under subsection (a) of this section a transfer of an interest in real property to a good faith purchaser without knowledge of the commencement of the case and for present fair equivalent value unless a copy or notice of the petition was filed, where a transfer of an interest in such real property may be recorded to perfect such transfer, before such transfer is so perfected that a bona fide purchaser of such real property, against whom applicable law permits such transfer to be perfected, could not acquire an interest that is superior to such interest of such good faith purchaser. A good faith purchaser without knowledge of the commencement of the case and for less than present fair equivalent value has a lien on the property transferred to the extent of any present value given, unless a copy or notice of the petition was so filed before such transfer was so perfected.
> (d) An action or proceeding under this section may not be commenced after the earlier of--
> (1) two years after the date of the transfer sought to be avoided; or
> (2) the time the case is closed or dismissed.

23. Accordingly, the Debtor IBOM should be sanctioned and the transfer should be deemed a nullity. Moreover, BAM should be awarded costs and attorney's fees for the foregoing application.

## IN SUPPORT OF CONSOLIDATION OF ACTION 1 AND ACTION 2 FOR JOINT ADMINISTRATION

24.     It is clear that Debtor IBOM transferred the building to Debtor OSO, the management copy where IBOM is the sole principal, solely in order to defraud their creditors and to stop the foreclosure sale of the building by BAM.

25.     Given that IBOM is the alter ego of OSO, joint administration is appropriate and it benefits all creditors.

26.     Bankruptcy Code § 548(a)(1)(A) and DCL § 276 allow a trustee to avoid transfers made by the Debtor with the "actual intent" to "hinder, delay, or defraud" present or future creditors. 11 U.S.C. § 548(a)(1)(A); DCL § 276.

27.     A debtors "actual intent" is "rarely susceptible to direct proof." Salomon v. Kaiser (In re Kaiser), 722 F.2d 1574, 1582 (2d Cir.1983) (internal citation omitted). Instead, a factfinder must generally rely upon circumstantial evidence to ascertain the Debtor's actual intent. See, e.g., id.

28.     Here the Debtors' intent is obvious so there is not much more information that needs to be provided to the court to see the Debtor is intending to defraud his creditors by starting a second chapter 11 proceeding.

29.     Substantive consolidation results in the pooling of multiple entities' assets and claims, which allows those entities to satisfy their liabilities from a common fund, to eliminate inter company claims, and to combine the entities' creditors for purposes of voting on reorganization plans. See Union Sav. Bank v. Augie/Restivo Baking Co., Ltd. (In re Augie/Restivo Baking Co., Ltd.), 860 F.2d 515, 518 (2d Cir.1988).

30.     Its "sole purpose" is "to ensure the equitable treatment of all creditors" and it is to be used "sparingly" Id. Two factors are considered "critical" in assessing whether substantive consolidation is appropriate: "(i) whether creditors dealt with the entities as a single economic unit and did not rely on their separate identity in extending credit ...; [and] (ii) whether the affairs of the debtors are so entangled that consolidation will benefit all

7

creditors." Id. (internal quotations and citations omitted); see also In re Leslie Fay Cos., Inc., 207 B.R. 764, 779–80 (Bankr.S.D.N.Y.1997).

31.     In determining whether entities should be consolidated, courts will consider a number of factors, including whether the entities share costs or obligations; fail to observe corporate formalities; or, in the case of a subsidiary and parent, fail to act independently. See In re Drexel Burnham Lambert Group Inc., 138 B.R. 723, 764 (Bankr.S.D.N.Y.1992); see also In re Owens Corning, 419 F.3d 195, 211 (3d Cir.2005) (articulating principles courts should consider when engaging in substantive consolidation analysis).

32.     Federal Rules of Bankruptcy Procedure 1015 also states:

> (a) Cases involving same debtor
> If two or more petitions by, regarding, or against the same debtor are pending in the same court, the court may order consolidation of the cases.
> (b) Cases involving two or more related debtors
> If a joint petition or two or more petitions are pending in the same court by or against (1) a husband and wife, or (2) a partnership and one or more of its general partners, or (3) two or more general partners, or (4) a debtor and an affiliate, the court may order a joint administration of the estates. Prior to entering an order the court shall give consideration to protecting creditors of different estates against potential conflicts of interest. An order directing joint administration of individual cases of a husband and wife shall, if one spouse has elected the exemptions under § 522(b)(2) of the Code and the other has elected the exemptions under § 522(b)(3), fix a reasonable time within which either may amend the election so that both shall have elected the same exemptions. The order shall notify the debtors that unless they elect the same exemptions within the time fixed by the court, they will be deemed to have elected the exemptions provided by § 522(b)(2).
> (c) Expediting and protective orders
> When an order for consolidation or joint administration of a joint case or two or more cases is entered pursuant to this rule, while protecting the rights of the parties under the Code, the court may enter orders as may tend to avoid unnecessary costs and delay.

33.     In light of the foregoing authority, immediate consolidation should be granted and action 1 and action 2 should be jointly administered. Judicial economy warrants consolidation before action 2 becomes active on the docket.

### DEBTOR SHOULD BE ENJOINED FROM COLLECTING CASH COLLATERAL AND OTHERWISE RENTING APARTMENTS FOR PREPAID RENTS

8

34. As stated in the annexed affidavit, the Debtor is renting illegal apartments in the building's basement and vacant apartments, asking for upfront pre-paid rent and thereafter depriving the post-petition cash collateral for the building from BAM.

35. Federal Rules of Bankruptcy Procedure 7065 states:

Rule 65 F.R.Civ.P. applies in adversary proceedings, except that a temporary restraining order or preliminary injunction may be issued on application of a debtor, trustee, or debtor in possession without compliance with Rule 65(c).

36. Federal Rules of Civil Procedure 65 states:

(a) Preliminary Injunction.
(1) *Notice*. The court may issue a preliminary injunction only on notice to the adverse party.
(2) *Consolidating the Hearing with the Trial on the Merits*. Before or after beginning the hearing on a motion for a preliminary injunction, the court may advance the trial on the merits and consolidate it with the hearing. Even when consolidation is not ordered, evidence that is received on the motion and that would be admissible at trial becomes part of the trial record and need not be repeated at trial. But the court must preserve any party's right to a jury trial.
(b) Temporary Restraining Order.
(1) *Issuing Without Notice*. The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
(B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.
(2) *Contents; Expiration*. Every temporary restraining order issued without notice must state the date and hour it was issued; describe the injury and state why it is irreparable; state why the order was issued without notice; and be promptly filed in the clerk's office and entered in the record. The order expires at the time after entry--not to exceed 14 days--that the court sets, unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension. The reasons for an extension must be entered in the record.
(3) *Expediting the Preliminary-Injunction Hearing*. If the order is issued without notice, the motion for a preliminary injunction must be set for hearing at the earliest possible time, taking precedence over all other matters except hearings on older matters of the same character. At the hearing, the party who obtained the order must proceed with the motion; if the party does not, the court must dissolve the order.
(4) *Motion to Dissolve*. On 2 days' notice to the party who obtained the order without notice--or on shorter notice set by the court--the adverse party may appear and move to dissolve or modify the order. The court must then hear and decide the motion as promptly as justice requires.

(c) Security. The court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained. The United States, its officers, and its agencies are not required to give security.
(d) Contents and Scope of Every Injunction and Restraining Order.
(1) *Contents.* Every order granting an injunction and every restraining order must:
(A) state the reasons why it issued;
(B) state its terms specifically; and
(C) describe in reasonable detail--and not by referring to the complaint or other document--the act or acts restrained or required.
(2) *Persons Bound.* The order binds only the following who receive actual notice of it by personal service or otherwise:
(A) the parties;
(B) the parties' officers, agents, servants, employees, and attorneys; and
(C) other persons who are in active concert or participation with anyone described in Rule 65(d)(2)(A) or (B).
(e) Other Laws Not Modified. These rules do not modify the following:
(1) any federal statute relating to temporary restraining orders or preliminary injunctions in actions affecting employer and employee;
(2) 28 U.S.C. § 2361, which relates to preliminary injunctions in actions of interpleader or in the nature of interpleader; or
(3) 28 U.S.C. § 2284, which relates to actions that must be heard and decided by a three-judge district court.
(f) Copyright Impoundment. This rule applies to copyright-impoundment proceedings.

37.     Given the gravity of the circumstances, emergency relief is warranted enjoining Debtor IBOM and Debtor OSO from transferring the building without leave of the court, from renting vacant and illegal apartments for prepaid rents and not turn over the cash collateral received from the tenants to BAM.

10

## **DEBTOR IBOM SHOULD BE HELD IN CONTEMPT FOR VIOLATION OF THE FEBRUARY 10, 2015 ORDER**

38. The February 10, 2015 order provided that the Debtor IBOM was to provide an accounting of all post-petition rents received by the Debtor and thereafter to turn over any cash collateral of the possession of the Debtor within three days of the order. See Exhibit "D".

39. Further, as evidenced by the foregoing receipt from a tenant which Debtor rented an illegal apartment in the basement (Exhibit "I"), Debtor is further attempting to collect pre-paid rents for these apartments and depriving this cash collateral to BAM.

40. BAM notwithstanding Debtor's compliance with the order, made an additional demand for compliance with the order prior to making the within application. See Exhibit "E".

41. Accordingly, the Debtor should be held in contempt for violation of the order and appropriate sanctions should be issued by the court. Further, the court should direct Debtor to immediately comply with the February 10, 2015 order. (Exhibit "D")

42. A court's inherent power to hold a party in civil contempt may be exercised only when (1) the order the party allegedly failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the party has not diligently attempted in a reasonable manner to comply. See King v. Allied Vision, Ltd., 65 F.3d 1051, 1058 (2d Cir.1995); Monsanto Co. v. Haskel Trading, Inc., 13 F.Supp.2d 349, 363 (E.D.N.Y.1998). "Clear and unambiguous" means that the clarity of the order must be such that it enables the enjoined party "to ascertain from the four corners of the order precisely what acts are forbidden." Monsanto Co., 13 F.Supp.2d at 363; see also Terry, 886 F.2d at 1351–52 (finding that the order could serve as the foundation for a contempt citation because it was sufficiently specific and clear as to what acts were proscribed to enable defendants to ascertain precisely what they could and could not do).

11

43.     "In the context of civil contempt, the clear and convincing standard requires a quantum of proof adequate to demonstrate 'reasonable certainty' that a violation occurred." Levin v. Tiber Holding Corp., 277 F.3d 243, 250 (2d Cir.2002) (citation omitted); see also Perez v. Danbury Hospital, 347 F.3d 419, 423–24 (2d Cir.2003) (stating that the evidence of noncompliance with the order must be clear and convincing).

44.     Where contempt is found, the defendant must not have diligently attempted to comply with the order. See Terry, 886 F.2d at 1351 (finding that defendants did not diligently attempt to comply with the court order in a reasonable manner; instead the defendants proceeded with the demonstrations even though there was ample opportunity to comply with the court order either by curtailing their scope or by stopping them altogether).

45.     Any doubts whether the requirements have been met in a particular case must be resolved in favor of the party accused of the civil contempt. See JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 37.51 (3d ed.2006). But a finding of bad faith, willfulness, or substantial fault is not a prerequisite to a finding of civil contempt. See MOORE'S FEDERAL PRACTICE, at § 37.51; WRIGHT & MILLER, at § 2960 ("A violation of the decree need not be willful for a party to be held in civil contempt.").

46.     In light of the foregoing authority, the Debtor's action are clearly willful and the actions clear violate the February 11, 2015 order. Accordingly Debtor should be held in contempt.

12

WHEREFORE, the creditor BAM's application should be granted in its entirety and the court should award all such other and further relief as the court deems as just and proper.

Dated: New York, New York
       March 23, 2015

Yours, etc.,

BEDFORD MANTIA LLP.
Attorneys for Movant-BAM 213 FUNDING LLC

By: _____
JAMES C. MANTIA, ESQ
JCM/9482
10 East 40th Street
Suite 3307
New York, New York 10016
(212) 257-5843

13